No. 31,444

Margie Couch, *Appellee*, v. Kansas Electric Power Company, *Appellant*.

(28 P. 2d 724.)

Opinion filed January 27, 1934.

*R. F. Rice,* of Lawrence, *H. S. Roberts, Arthur J. Stanley, Arthur J. Stanley, Jr.,* all of Kansas City, *Guy M. Cowgill, Arthur C. Popham* and *John F. Cook,* all of Kansas City, Mo., for the appellant.

*Joseph H. Brady,* of Kansas City, *O. C. Mosman, Clay C. Rogers, Paul A. Buzard* and *Lois N. Wolf,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for personal injuries sustained by plaintiff, caused by the power company's negligence in maintaining its electric transmission line. Plaintiff recovered, and defendant appeals.

Defendant negligently suffered its transmission line, carrying 13,-800 volts of alternating electric current, to sag and come in contact with a telephone wire beneath the transmission line. Plaintiff heard her telephone ring. She took down the receiver, placed it to her ear, and received a shock which produced severe and permanent injury.

Plaintiff charged defendant with negligence in ten particulars. In the first instruction to the jury the court stated all of plaintiff's charges of negligence. In the second instruction the court stated the contents of defendant's answer. The third instruction read as follows:

"The above are merely the claims, in substance, of the parties, and are no proof of their correctness or truthfulness. Your verdict is to be based only upon the evidence, under the court's instructions."

The fourth instruction stated defendant's duty with respect to maintenance of its transmission line, and said that if the jury should find from the evidence defendant was guilty of negligence in any of the particulars charged by plaintiff, the verdict should be for plaintiff. Defendant complains of the first and fourth instructions. The first three instructions were proper, and the only objection to the fourth instruction is that charges of negligence not sustained by evidence were submitted to the jury. The objection is not well founded, because the jury were not authorized to find for plaintiff on any charge of negligence not established by the evidence. However, the jury were left to canvass the evidence and ascertain what charges were and were not sustained by evidence.

Two of the charges of negligence contained in the petition related to failure of defendant to insulate its wires. Lack of insulation at the point where contact was likely to occur and did occur was proved; but this subject was not important, because the evidence disclosed the transmission wire should not have been maintained in such close proximity to the telephone wire that local insulation would be suggested.

One charge of negligence related to failure to inspect the transmission line for clearance of the telephone wire. There was no direct evidence of failure to inspect, and that charge of negligence might well have been excluded from consideration of the jury; but because of negligent maintenance in fact the subject was not important.

One of the charges of negligence related to the voltage which the transmission line carried while in dangerous proximity to the telephone line. The negligence consisted not in excessive voltage, but in proximity of the line carrying the voltage to the telephone line, and that charge should not have been submitted to the jury.

One charge of negligence related to failure to turn off the current after contact occurred. Negligence in this respect was not established, and that charge of negligence should not have been submitted to the jury.

Five of the charges of negligence contained in the petition related to dangerous proximity of the wires and likelihood of contact. The substance of these charges was fully proved, and negligence in permitting the contact which did occur is not disputed in this appeal. The result is, defendant's contention respecting the instructions presents a purely academic subject—proper method of framing instruc-

tions in cases such as this. Generally, charges of negligence not supported by evidence should be definitely withdrawn by the court from consideration by the jury; but in this instance an essay on the subject is not required.

After the jury was empaneled and before introduction of evidence commenced, the court took a recess. Before the court convened plaintiff was lying on a bench in the court room. The bailiff called the jury on his own initiative, as he usually did when court was about to convene. In the presence of the jury, plaintiff's husband picked her up and carried her to her chair. Thereupon defendant moved that the jury be discharged, on the ground of misconduct of plaintiff, and the motion was denied.

The nature and extent of plaintiff's disability were contested issues, and her ability to stand and walk was fully investigated at the trial. She did not assert she could not walk at all. She said she had walked for short distances, but did not have strength to walk very far. She said she got dizzy when she undertook to stand, felt tired and exhausted, and she expressed the belief she could not walk the distance across the court room. Plaintiff's husband testified she could walk short distances without help, but he carried her when she wanted to go any distance, as through the house when at home, into the courthouse, and to the doctor's office. Neighbors and friends of plaintiff testified regarding her ability to walk, and there was expert medical testimony bearing on the subject.

On the whole record, this court cannot declare, as a matter of law, that the questioned conduct was invented and staged to impress the jury, and it is a fair inference that if sincerity of the conduct had not been subsequently established to the satisfaction of the jury, the effect would have been prejudicial to plaintiff.

A contention that a new trial should be granted because an expert witness was permitted to express an opinion with respect to a relevant subject is not of sufficient importance to require discussion.

The verdict for plaintiff was for $15,000, and defendant contends the verdict was excessive. It would require many pages of the Kansas reports to present the evidence, discuss it, and state the reasons for the court's conclusion. If this were done the decision would not be helpful in the decision of any other case. Therefore the court must ask the parties to be content with announcement of the conclusion that the verdict was excessive, and that the judgment should be reduced to $10,000.

The judgment is reduced to the sum of $10,000, and, as reduced, is affirmed. If consent to the reduction be not expressed to the court by plaintiff within ten days after filing of this opinion, the judgment will be reversed, and a new trial ordered.

HUTCHISON, J., not sitting.